Michael I. Neil (State Bar No. 40057)
**Neil Dymott Frank McFall & Trexler APLC**
1010 2nd Ave, Suite 2500
San Diego, CA 92101-4959
Telephone:  (619) 238-2240
Facsimile:  (619) 238-1562
Email:  mneil@neildymott.com

Hugh A. McCabe (State Bar No. 131828)
**Neil Dymott Frank McFall & Trexler APLC**
1010 2nd Ave, Suite 2500
San Diego, CA 92101-4959
Telephone:  (619) 238-2250
Facsimile:  (619) 238-1562
Email:  hmccabe@neildymott.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Nokia Corporation and Nokia Inc., <br><br> Plaintiffs, <br><br> v. <br><br> HTC Corporation and HTC America Inc., <br><br> Defendants. | Case No.: '13CV1231 MMA WMC <br><br> **COMPLAINT; AND JURY TRIAL DEMAND** |

# COMPLAINT

Plaintiffs Nokia Corporation and Nokia Inc., (collectively "Nokia") for their complaint against Defendants HTC Corporation and HTC America, Inc., (collectively "HTC") hereby allege as follows:

## The Parties

1. Plaintiff Nokia Corporation is a company organized under the laws of Finland, with its principal place of business at Keilalahdentie 4, P.O. Box 226, Espoo, Finland.

2. Plaintiff Nokia Inc. is a corporation existing under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California, and with offices in the Southern District of California at 16620 W. Bernardo Drive, San Diego, CA 92127.  Nokia Inc. is a wholly owned subsidiary of Nokia Corporation.

3. Defendant HTC Corporation is a Taiwanese corporation, with its principal place of business at 23 Xinghua Road, Taoyuan City, Taoyaun County 330, Taiwan, Republic of China.

4. Defendant HTC America, Inc. is a wholly-owned subsidiary of Defendant HTC Corporation and is incorporated under the laws of the State of Washington, with its principal place of business at 13920 S.E. Eastgate Way, Suite 400, Bellevue, Washington 98005.

## Nature of the Action

5. This is a civil action for infringement of three United States patents, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## Jurisdiction and Venue

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because HTC resides in this district, is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

## The Patents-In-Suit

8.     United States Patent No. 7,775,432 ("the 432 Patent"), entitled "Terminal, Method and Computer Program Product for Interacting With a Signaling Tag," was duly and legally issued by the United States Patent and Trademark Office on August 17, 2010. A copy of the 432 Patent is attached hereto as Exhibit A.

9.     United States Patent No. 8,308,065 ("the 065 Patent"), entitled "Terminal, Method and Computer Program Product for Interacting With a Signaling Tag," was duly and legally issued by the United States Patent and Trademark Office on November 13, 2012. A copy of the 065 Patent is attached hereto as Exhibit B.

10.    United States Patent No. 8,366,000 ("the 000 Patent" and collectively with the 432 and 065 patents, the "patents-in-suit"), entitled "Terminal, Method and Computer Program Product for Interacting With a Signaling Tag," was duly and legally issued by the United States Patent and Trademark Office on February 5, 2013. A copy of the 000 Patent is attached hereto as Exhibit C.

11.    Nokia Corporation is the assignee of the 432 Patent, 065 Patent, and 000 Patent.

12.    Nokia has the right to bring this suit to recover damages for any current, future, or past infringement of each of the patents-in-suit.

## COUNT I

### Infringement of the 432 Patent

13.    Paragraphs 1 through 12 are incorporated by reference as if fully stated herein.

14.    The 432 Patent is valid and enforceable.

15.    HTC has infringed and continues to infringe one or more claims of the 432 Patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and or methods encompassed by those claims, including for example, by making, using, selling, offering for sale,

and/or importing mobile phones and smartphones, including but not limited to the HTC One S, HTC One V, HTC One X, HTC Evo 4G LTE, Droid Incredible 4G LTE, Droid DNA, HTC One X+, HTC First, HTC One, and HTC One VX.

16. Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the 432 Patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones and smartphones supplied by HTC, including but not limited to the HTC One S, HTC One V, HTC One X, HTC Evo 4G LTE, Droid Incredible 4G LTE, Droid DNA, HTC One X+, HTC First, HTC One, and HTC One VX.

17. HTC has had knowledge of and notice of the 432 Patent and its infringement at least since the filing of this complaint. HTC has also had knowledge of and notice of the 432 Patent and its infringement thereof since at least May 23, 2013, when Nokia sent a letter to HTC concerning such allegations.

18. HTC has induced infringement, and continues to induce infringement, of one or more claims of the 432 Patent under 35 U.S.C. § 271(b). HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the 432 Patent by selling or otherwise supplying mobile phones and smartphones; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones and smartphones supplied by HTC to infringe the 432 Patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones and smartphones and or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones and smartphones.

19. HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the 432 Patent under 35 U.S.C. § 271(c), by selling and/or offering

1  for sale in the United States, and or importing into the United States mobile phones
2  and smartphones, knowing that those products constitute a material part of the
3  inventions of the 432 Patent, knowing that those products are especially made or
4  adapted to infringe the 432 Patent, and knowing that those products are not staple
5  articles of commerce suitable for substantial noninfringing use.

6      20.    Nokia has been and continues to be damaged by HTC's infringement of
7  the 432 Patent.

8      21.    Nokia has been irreparably harmed by HTC's infringement of the 432
9  Patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia
10  will suffer further irreparable harm for which there is no adequate remedy at law.

11      22.    HTC's conduct in infringing the 432 Patent renders this case exceptional
12  within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement of the 065 Patent

15      23.    Paragraphs 1 through 22 are incorporated by reference as if fully stated
16  herein.

17      24.    The 065 Patent is valid and enforceable.

18      25.    HTC has infringed and continues to infringe one or more claims of the
19  065 Patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of
20  equivalents, by making, using, selling, and/or offering for sale in the United States,
21  and/or importing into the United States, products and or methods encompassed by
22  those claims, including for example, by making, using, selling, offering for sale,
23  and/or importing mobile phones and smartphones, including but not limited to HTC
24  One S, HTC One V, HTC One X, HTC Evo 4G LTE, Droid Incredible 4G LTE, Droid
25  DNA, HTC One X+, HTC First, HTC One, and HTC One VX.

26      26.    Third parties, including HTC's customers, have infringed, and continue
27  to infringe, one or more claims of the 065 Patent under 35 U.S.C. § 271(a), either
28  literally and/or under the doctrine of equivalents, by making, using, selling, and/or

offering for sale in the United States, and/or importing into the United States, mobile phones and smartphones supplied by HTC, including but not limited to HTC One S, HTC One V, HTC One X, HTC Evo 4G LTE, Droid Incredible 4G LTE, Droid DNA, HTC One X+, HTC First, HTC One, and HTC One VX.

27. HTC has had knowledge of and notice of the 065 Patent and its infringement at least since the filing of this complaint. HTC has also had knowledge of and notice of the 065 Patent and its infringement thereof since at least May 23, 2013, when Nokia sent a letter to HTC concerning such allegations.

28. HTC has induced infringement, and continues to induce infringement, of one or more claims of the 065 Patent under 35 U.S.C. § 271(b). HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the 065 Patent by selling or otherwise supplying mobile phones and smartphones; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones and smartphones supplied by HTC to infringe the 065 Patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones and smartphones and or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones and smartphones.

29. HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the 065 Patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and or importing into the United States mobile phones and smartphones, knowing that those products constitute a material part of the inventions of the 065 Patent, knowing that those products are especially made or adapted to infringe the 065 Patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

30. Nokia has been and continues to be damaged by HTC's infringement of

the 065 Patent.

31. Nokia has been irreparably harmed by HTC's infringement of the 065 Patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

32. HTC's conduct in infringing the 065 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285

## COUNT III

### Infringement of the 000 Patent

33. Paragraphs 1 through 32 are incorporated by reference as if fully stated herein.

34. The 000 Patent is valid and enforceable.

35. HTC has infringed and continues to infringe one or more claims of the 000 Patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones and smartphones, including but not limited to the HTC One S, HTC One V, HTC One X, HTC Evo 4G LTE, Droid Incredible 4G LTE, Droid DNA, HTC One X+, HTC First, HTC One, and HTC One VX.

36. Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the 000 Patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones and smartphones supplied by HTC, including but not limited to the HTC One S, HTC One V, HTC One X, HTC Evo 4G LTE, Droid Incredible 4G LTE, Droid DNA, HTC One X+, HTC First, HTC One, and HTC One VX.

37. HTC has had knowledge of and notice of the 000 Patent and its infringement at least since the filing of this complaint. HTC has also had knowledge

1  of and notice of the 000 Patent and its infringement thereof since at least May 23,
2  2013, when Nokia sent a letter to HTC concerning such allegations.

3  38. HTC has induced infringement, and continues to induce infringement, of
4  one or more claims of the 000 Patent under 35 U.S.C. § 271(b). HTC actively,
5  knowingly, and intentionally induced, and continues to actively, knowingly, and
6  intentionally induce, infringement of the 000 Patent by selling or otherwise supplying
7  mobile phones and smartphones; with the knowledge and specific intent that third
8  parties will use, sell, offer for sale, and/or import the mobile phones and smartphones
9  supplied by HTC to infringe the 000 Patent; and with the knowledge and specific
10 intent to encourage and facilitate the infringement through the dissemination of the
11 mobile phones and smartphones and or the creation and dissemination of promotional
12 and marketing materials, supporting materials, instructions, product manuals, and/or
13 technical information related to the mobile phones and smartphones.

14 39. HTC has contributed to the infringement by third parties, including
15 HTC's customers, and continues to contribute to infringement by third parties, of one
16 or more claims of the 000 Patent under 35 U.S.C. § 271(c), by selling and/or offering
17 for sale in the United States, and or importing into the United States mobile phones
18 and smartphones, knowing that those products constitute a material part of the
19 inventions of the 000 Patent, knowing that those products are especially made or
20 adapted to infringe the 000 Patent, and knowing that those products are not staple
21 articles of commerce suitable for substantial noninfringing use.

22 40. Nokia has been and continues to be damaged by HTC's infringement of
23 the 000 Patent.

24 41. Nokia has been irreparably harmed by HTC's infringement of the 000
25 Patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia
26 will suffer further irreparable harm for which there is no adequate remedy at law.

27 42. HTC's conduct in infringing the 000 Patent renders this case exceptional
28 within the meaning of 35 U.S.C. § 285

## Prayer for Relief

Wherefore, Nokia prays for judgment as follows:

43. That HTC has infringed each of the patents-in-suit;

44. That this court permanently enjoin HTC, its subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on its behalf, or within its control, from making, using, selling, offering for sale, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the patents-in-suit;

45. That Nokia be awarded all damages adequate to compensate it for HTC's infringement of the patents-in-suit, such damages to be determined by a jury, and, if necessary to adequately compensate Nokia for the infringement, an accounting, and that such damages be awarded to Nokia with pre-judgment and post-judgment interest;

46. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Nokia be awarded the attorneys' fees, costs, and expenses that it incurs prosecuting this action; and

47. That Nokia be awarded such other and further relief as this Court deems just and proper.

## Demand For Jury Trial

Nokia hereby demands a trial by jury on all issues so triable.

DATED: May 23, 2013        **NEIL DYMOTT FRANK MCFALL & TREXLER APLC**

 /s/  Michael I. Neil
Michael I. Neil
mneil@neildymott.com
Hugh A. McCabe
hmccabe@neildymott.com
Attorneys for Plaintiffs
**Nokia Inc.** and **Nokia Corporation**